UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Manuel G.A. Nerez, III,<br><br>    Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>    Defendants | 2:15-cv-01953-JAD-CWH<br><br>**Order Denying Applications to Proceed** *in forma pauperis*, **Dismissing Complaint with Prejudice, and Closing Case**<br><br>[ECF 3, 4] |

    Former Nevada state prison inmate Manuel G.A. Nerez, III, sues for civil-rights violations that he allegedly suffered while incarcerated at the High Desert State Prison.[1] Because Nerez is no longer incarcerated, I deny as moot his second and third applications to proceed *in forma pauperis*[2] as a prisoner. And because Nerez's complaint fails to state a claim upon which relief may be granted and amendment would be futile, I dismiss his sole claim with prejudice and close this case.

**Discussion**

**A.   Screening standards**

    The PLRA directs federal courts to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity.[3] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[4] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under

---

[1] ECF 1-1.

[2] ECF 3, 4.

[3] *See* 28 U.S.C. § 1915(a).

[4] *See* 28 U.S.C. § 1915A(b)(1)(2).

color of state law.[5]  Pro se pleadings must be liberally construed.[6]

Dismissal of a complaint for failure to state a claim upon which relief can be granted is permitted by FRCP 12(b)(6), and the court applies the same standard under 28 USC § 1915 when reviewing the adequacy of a complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[7]

**B.    Screening Nerez's complaint**

Nerez sues the State of Nevada, the Nevada Department of Corrections, Warden Dwight Neven, and Offender Management for events that allegedly took place while Nerez was incarcerated at the High Desert State Prison ("HDSP").[8]  Nerez alleges one count and seeks injunctive relief and monetary damages.[9]

Nerez alleges that on October 3, 2011, he was sentenced to serve multiple concurrent and consecutive sentences.[10]  Almost four years later, on July 27, 2015, Nerez filed a writ of habeas corpus in state court.[11]  The state court ordered the state to respond to Nerez's petition within 45 days; the state failed to do so.[12]  Plaintiff requests that this court intervene.[13]

I dismiss Nerez's complaint with prejudice for failure to state a cognizable claim for

---

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[7] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[8] ECF 1-1 at 1–2.

[9] *Id.* at 4, 9.

[10] *Id.* at 4.

[11] *Id.* at 4, 10.

[12] *Id.*

[13] *Id.*

available relief. This court lacks authority to intervene in Nerez's ongoing state habeas corpus proceeding,[14] so amendment would be futile. If Nerez seeks to have the state sanctioned for failing to comply with the state court's scheduling order, then he should file a motion in state court.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's applications to proceed *in forma pauperis* **[ECF 3, 4]** are **DENIED** as moot.

The Clerk of Court is instructed to file the complaint **[ECF 1-1]**.

IT IS FURTHER ORDERED that the complaint is **DISMISSED** with prejudice, and I certify that any *in forma pauperis* appeal from this order would not be taken "in good faith" as required by 28 U.S.C. § 1915(a)(3).

The Clerk of Court is instructed to enter judgment accordingly and CLOSE THIS CASE.

Dated April 4, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[14] *See generally Huffman v. Pursue, Ltd.*, 420 U.S. 592, 594 (1975) (holding that *Younger v. Harris* applies to civil proceedings and prevents a federal district court from intervening in state civil proceedings).